# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:13CR00035-005 |
| v. | ) | **OPINION** |
| | ) | |
| **DAMON JERMAIN FOREHAND,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Damon Jermain Forehand, has filed a motion pursuant to 28 U.S.C. § 2255. After initial consideration of the motion and the prior proceedings in the case, Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I find that the motion must be dismissed.

The defendant was sentenced by this court on June 16, 2014, to 96 months imprisonment after pleading guilty to two counts of drug trafficking offenses.[1] His sentencing guideline range was calculated based upon his status as a "career offender" pursuant to U.S. Sentencing Guidelines Manual ("USSG" or "Guidelines") § 4B1.1. Forehand's imprisonment range applying the career

---

[1] His sentence was later reduced to 66 months imprisonment.

offender guideline was determined to be 151 to 188 months and his ultimate sentence was the result of a downward variance from that range.

Under § 4B1.1(a) of the Guidelines, a career offender is defined as an offender at least 18 years old whose offense of conviction is a felony that is either a crime of violence or a controlled substance offense and who has at least two prior felony convictions of either a crime of violence or a controlled substance offense. A defendant determined to be a career offender normally receives enhanced scoring of the offense level and criminal history category otherwise determined under the Guidelines. At the time the defendant was sentenced, § 4B1.2(a) of the Guidelines, in relevant part, defined a crime of violence as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." USSG § 4B1.2(a)(2) (2013) (emphasis added). The italicized language is referred to as the residual clause.[2]

On June 26, 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the nearly identical residual clause in the violent felony

---

[2] In 2016, the Sentencing Commission adopted an amendment removing the residual clause from § 4B1.2(a). USSG Amend. 798 (Aug. 1, 2016).

definition of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[3]

On May 26, 2016, the defendant filed, by counsel, the present motion pursuant to 28 U.S.C. § 2255, contending that his sentence was unconstitutional because one of his predicate career offender convictions — a Florida felony conviction for aggravated assault — was invalid under *Johnson*.

While the present issue was the subject of conflicting decisions by federal courts, the Supreme Court lately resolved the matter in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), holding that *Johnson's* vagueness analysis does not apply to the residual clause in § 4B1.2(a)(2). Accordingly, the basis for the defendant's § 2255 motion has been foreclosed and the motion must be dismissed.

A separate final order will be entered forthwith.

DATED: May 12, 2017

/s/ James P. Jones
United States District Judge

---

[3] The residual clause in the ACCA defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).